**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1465
_____

UNITED STATES OF AMERICA

v.

LOUIS LUYTEN,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-10-cr-00087-001)
District Judge:  Honorable Jose L. Linares

Submitted under Third Circuit LAR 34.1 (a)
on September 9, 2013

(Filed: September 26, 2013)

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

_____

O P I N I O N

_____

**RENDELL**, Circuit Judge

Louis Luyten pleaded guilty to conspiracy to distribute 500 grams or more of cocaine.  The District Court sentenced Luyten to 96 months in prison, four years of supervised release, and required him to forfeit his rights and interests in two airplanes to

the Government. Luyten now appeals his sentence, contending it is procedurally and substantively unreasonable. For the reasons discussed below, we will affirm.

I.

After transporting ten kilograms of cocaine from Florida to New Jersey via his private plane and agreeing to another drug delivery from New Jersey to Florida, Luyten was arrested and charged with conspiring to distribute, and possession with intent to distribute, three controlled substances, including five or more kilograms of cocaine. He then pleaded guilty to conspiracy to distribute 500 grams or more of cocaine. The Pre-Sentencing Investigation Report ("PSR") recommended a Guidelines range of 135 to 168 months. This offense carries a mandatory minimum sentence of 60 months.

The Guidelines range was based on an offense level of 31 and Criminal History Category of III. Luyten's Criminal History Category of III was a product of Luyten's 2007 conviction for conspiring to possess with intent to distribute marijuana. Luyten, who was 68 years old at the time of his 2007 conviction, had used a private airplane to smuggle the drugs into the United States. Luyten received three criminal history points for the 2007 conviction, two points for committing the current offense while still on probation, and one point for committing the current offense less than two years after his release from custody for the 2007 offense.

Luyten submitted a brief requesting the District Court to downwardly vary to the statutory minimum based on Luyten's age, medical conditions—Luyten was suffering from high cholesterol, arthritis, and gum disease and was in remission from prostate cancer—and personal background, including his service in the Belgian Air Force.

On September 2, 2010, Luyten appeared for sentencing. The District Court confirmed that neither party objected to the final PSR; acknowledged that the Guidelines range was 135 to 168 months of imprisonment, but also noted that it was merely advisory; and explained the statutory factors that would guide its sentencing decision. The District Court then invited the parties to address the Court.

Both Luyten and his counsel addressed the Court. Luyten's counsel stressed Luyten's advanced age, military service, and that he had never been convicted of a crime before 2007. Luyten also stressed his advanced age, contending that even a 60 month sentence would likely mean that he would die in prison. In addition, he noted that he became addicted to oxycontin after his co-conspirator introduced him to the drug to relieve the pain that he was suffering from as a result of his various physical ailments. He claims that as a result of his oxycontin addiction and love of flying, his co-conspirator was able to persuade him to transport drugs.

The Government agreed that Luyten was entitled to leniency due to his advanced age and personal history, but objected to a variance down to the 60 month mandatory minimum. The Government stressed that Luyten had already received leniency by pleading guilty to an offense carrying a five- (instead of ten-) year mandatory minimum. In addition, the Government emphasized that Luyten had recidivated despite having had a chance to lead a law-abiding life after his release from his 2007 drug conviction.

After the parties were heard, the District Court acknowledged that it was "bizarre" that Luyten had led a law-abiding life until he was 68 years old and that it was "not pleasant by any stretch of the imagination to sentence somebody who is 72 years old and

3

who by all accounts has led a good life, but then got involved in serious criminal activity." (A. 110.) The District Court summarized the reasons Luyten provided to explain his current offense, but then noted that Luyten had "used his expertise as a pilot to do something illegal that he knew was illegal, that he knew had gotten him into trouble before, but last time he got away fairly easy. . . . And while on probation, he then comes around and commits a further offense." (A. 110-11.)

The District Court then summarized the sentencing factors under 18 U.S.C. § 3553 and analyzed each of the reasons that Luyten advanced in advocating for a lesser sentence. It concluded that a sentence within the advisory Guidelines range would be inappropriate, but found that a sentence at the mandatory minimum "would not address the sentencing principles of deterrence, reflect the seriousness of the crime and afford appropriate punishment under the circumstances." (A. 113.) It also noted that Luyten "could have said no in this case. He left Atlantic City and went back home. He could have said no a second time. He didn't, and that led him here." (A. 112.) As a result, the District Court sentenced Luyten to 96 months' imprisonment—39 months below the bottom of the Guidelines range.

Luyten now appeals. He contends that his sentence is both procedurally flawed and substantively unreasonable. Luyten argues that his sentence is procedurally flawed because the District Court: (1) did not give the appropriate weight to the mitigating factors that he advanced and (2) his Criminal History Category of III overstated his criminal culpability. Luyten argues that his sentence was substantively unreasonable

4

because the statutory minimum was five years and given his circumstances and admission of guilt, he was entitled to the statutory minimum.

## II.[1]

A sentence's procedural and substantive reasonableness is reviewed under the abuse of discretion standard of review. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

### A.

This Court reviews procedural reasonableness by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

We find that the District Court committed no procedural error, and reasonably considered the § 3553(a) factors. The District Court cited the relevant § 3553(a) factors twice and cited the mitigating arguments—including Luyten's age, medical issues, exemplary life prior to 2007, and military service—as justification for a sentence 39 months below the Guidelines range. While Luyten argues that the District Court did not consider the mitigating factors enough, we do not find that a sentence is unreasonable merely because the District Court did not give the "mitigating factors the weight [the]

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 18 U.S.C § 3742 and 28 U.S.C. § 1291.

5

defendant contends they deserve." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007).

At sentencing, Luyten did not raise the argument that his Criminal History Category should have been lowered because he had only one recent conviction. Thus, we review the District Court's criminal history calculation only for plain error. *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006). Luyten fails to show that his Criminal History Category should have been different or that a lower Criminal History Category would have changed his sentence. Consequently, we find that the District Court did not commit plain error when it calculated Luyten's Criminal History Category.

Luyten did not raise the argument at sentencing that he now makes that his co-conspirator was more culpable, but received a more lenient sentence. Again, we review the District Court's ruling only for plain error. *Id.* The PSR, which the District Court considered, included a paragraph on role adjustments, but found there was no basis for assigning either Luyten or his co-conspirator with a greater role in the offense. Accordingly, we find that the District Court did not commit plain error as it relates to any alleged imbalance in sentences.

### B.

A sentence is substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Reasonableness is determined by considering "whether the record as a whole reflects rational and meaningful consideration

6

of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)).

We hold that Luyten's sentence is not unreasonable because the record reflects a "rational and meaningful consideration" of the § 3553(a) factors. The District Court mentioned these factors twice and used them to determine that a sentence within the Guidelines range was inappropriate for Luyten's circumstances, and then it sentenced Luyten to *39 months below* the lowest Guidelines sentence. Clearly, the District Court fully considered Luyten's circumstances. We therefore hold that the District Court properly considered the § 3553(a) factors, and the sentence was not substantively unreasonable.

III.

For the foregoing reasons, we will affirm the District Court's sentence.